# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:18-CV-00089-GNS-HBB

| | |
|---|---|
| LARRY WAYNE SMITH | PLAINTIFF |
| AND | |
| GREAT WEST CASUALTY COMPANY | INTERVENING PLAINTIFF |
| VS. | |
| T. MARZETTI COMPANY | DEFENDANT |

## MEMORANDUM, OPINION, AND ORDER

Before the Court is the motion of Plaintiff Larry Wayne Smith for extension of discovery and expert deadlines (DN 28). Intervening Plaintiff Great West Casualty Company has no objection to the motion (DN 29). Defendant T. Marzetti Company has responded in opposition (DN 32). Smith has not filed a reply.

### Nature of the Case and Procedural History

On January 17, 2018, Smith worked as an over the road tractor trailer driver for Sercombe Trucking (DN 28 PageID # 145). Around 7:00 a.m. CST, Smith arrived in the Marzetti parking lot, exited the cab of his truck, and proceeded to the Receiving Office (Id.). Once inside, the Receiving Clerk advised Smith that his driver's license was needed to process the paperwork (Id.). Smith, having left his driver's license in the cab of the truck, proceeded out the Receiving Office door, down the steps, and then slipped on ice in the walkway (Id.). Smith alleges he broke his hip in the fall and underwent surgical repair of his hip (Id.).

Smith initiated this lawsuit in state court on May 22, 2018 (DN 1-1 PageID # 9-12). Marzetti removed the action to federal court on July 13, 2018 (DN 1). The scheduling order, entered on September 7, 2018, established an October 1, 2018 deadline for initial disclosures and an August 5, 2019 deadline for the completion of all pretrial fact discovery (DN 10 PageID # 99). The scheduling order also established an April 26, 2019 deadline for Smith and the Intervening Plaintiff to make their expert witness disclosures under Fed. R. Civ. P. 26(a)(2)(A), (a)(2)(B), and (a)(2)(C) (Id. PageID # 100-101).

On March 7, 2019, attorney Matthew Schultz moved to withdraw as counsel for Smith in this matter because he had been terminated by Morgan & Morgan, the law firm representing Smith in this matter (DN 19). On March 11, 2019, Lauren E. Marley, an attorney with the law firm of Morgan & Morgan, entered her appearance on behalf of Smith[1] (DN 20). On March 29, 2019, the court entered an order granting Matthew Schultz's motion to withdraw (DN 21).

Smith did not make any expert witness disclosures before the April 26, 2019 deadline expired. He moved to extend the discovery and expert deadlines in the scheduling order on July 24, 2019 (DN 28).

<u>Smith's Motion</u>

Smith's motion "requests an amendment of all deadlines including and after the August 5, 2019 fact discovery deadline" and "amendment of both parties' expert witness disclosure deadlines which have passed" (DN 28 PageID # 148-51). If the Court amends the expert witness disclosure deadline, Smith intends to disclose his treating physicians who "will opine on the medical treatment provided as well as its reasonableness and necessity, diagnosis, causation, future medical treatment, etc." (Id. PageID # 149). Smith suggests "there should be nothing surprising or

---

[1] Included with Lauren E. Marley's entry of appearance is a Notice executed by Smith (DN 20-1). The Notice indicates Smith wanted the law firm of Morgan & Morgan continue its representation of him in this action (Id.).

2

prejudicial" about this disclosure to Marzetti (Id.). Smith may also disclose a life care planner and vocational economist (Id.). But the decision to retain these expert witnesses cannot be made until Dr. Abou-Chakra indicates Smith has reached maximum medical improvement (MMI) and determines whether Smith will be under any permanent restrictions (Id.). At the time Smith filed his motion on July 24, 2019, he was hopeful these milestone events would occur at his next appointment with Dr. Abou-Chakra on August 1, 2019 (Id.). Smith argues the original expert disclosure deadlines were premature and detrimental to both parties making decisions to retain experts because he was not close to MMI by April 26, 2019 (Id.). Smith explains he underwent his second surgery to remove the hardware in his hip in late January 2019 and began a trial period back to work in late June 2019 (Id.).

Smith's counsel takes responsibility for Smith's expert disclosure deadline not being calendared thereby allowing the deadline to pass without her moving to amend the deadline (Id. PageID # 149-50). Smith's counsel contends "it was not for a lack of diligence in monitoring Smith's condition and evaluating the need for experts" (Id. PageID # 150). Smith asserts Marzetti "will suffer zero prejudice by amendment of the expert deadlines as [Smith] is requesting that [Marzetti] be afforded the opportunity to review any experts disclosed by [him] and then respond accordingly with its own experts" (Id.).

Smith's counsel asserts the August 5, 2019 deadline for completing fact discovery needs to be amended to accommodate challenges both parties have experienced in trying to complete fact discovery (Id.). Smith's counsel indicates, despite her diligent efforts, she is still waiting on additional medical records and bills from out of state providers and the depositions of certain fact witnesses have been delayed because of the busy schedules of all parties (Id.). Smith emphasizes

3

that a 60 to 90-day extension of the fact discovery deadline will not cause any prejudice or harm to Marzetti (Id. PageID # 151).

### Marzetti's Response

Marzetti asserts that Smith failed to adhere to the scheduling order by, among other things, not disclosing his expert witnesses within his initial disclosures, or within his written discovery responses, or by supplementing his written discovery responses, or by filing a separate disclosure document (DN 32 PageID # 184). Marzetti argues the civil rules require Smith to demonstrate his failure to disclose was substantially justified or is harmless, not that good cause exists for missing the April 26, 2019 deadline (DN 32 PageID # 184-88, citing Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37(c)(1)). Marzetti asserts, because Smith's injury was objective and immediately apparent following the accident, any medical expert who could offer relevant opinions concerning the relatedness of Smith's claimed injury to the subject accident and the reasonableness of his medical treatment has been known since the date of the accident (Id.). Marzetti also asserts each of those experts should be able to render an opinion regarding the impact of the injury on Smith, both presently and in the future, without him reaching MMI (Id.). Regarding prejudice, Marzetti contends it made a tactical decision not to retain expert witnesses because Smith had not disclosed any expert witnesses by the prescribed deadline (Id.). Marzetti argues the failure of Smith's counsel to calendar the expert witness deadline does not justify extending all pretrial deadlines that would harm Marzetti's litigation interests (Id.). Finally, Marzetti alleges that any further delay will result in harm to it which is neither justified nor borne out of good cause (Id.).

### Discussion

Marzetti's argument based on Rule 26(a) and Rule 37(c)(1) is misplaced because the matter before the Court is not whether Smith failed to make expert witness disclosures. As Smith's

motion seeks to amend or modify certain deadlines in the pretrial scheduling order, Rule 16(b)(4) applies. *See* Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014); Century Indem. Co. v. Begley Co., 323 F.R.D. 237, 240 (E.D. Ky. 2018) (Rule 16(b)(4) governs modifications to scheduling orders). Specifically, Rule 16(b)(4) permits district courts to amend or modify deadlines in a pretrial scheduling order provided the movant demonstrates "good cause." *See* Fed. R. Civ. P. 16(b)(4); Smith, 595 F. App'x at 478. Thus, the Court will apply the "good cause" standard in Rule 16(b)(4) to Smith's motion.

The Court will begin with the deadlines in the pretrial scheduling order that expired after Smith filed his motion. Specifically, the August 5, 2019 deadline for completing all pretrial fact discovery, the August 12, 2019 telephonic status conference[2], and the September 3, 2019 deadline for filing dispositive and Daubert motions (DN 10 ¶¶ 3, 7, 8).[3] Smith has demonstrated "good cause" for amending the fact discovery deadline because the parties will not be able to complete fact discovery before the August 5, 2019 deadline expires. As the two other deadlines are contingent upon completion of fact discovery, "good cause" exists for amending those deadlines. Therefore, Smith's motion will be granted as to amending the deadlines for completing all pretrial fact discovery, conducting the telephonic status conference, and filing dispositive and Daubert motions.

---

[2] In a separate order, the Court remanded the August 12, 2019 telephonic status conference pending its ruling on Smith's motion (DN 37).

[3] The Court has not included the August 5, 2019 deadline for completing the discovery depositions of all expert witnesses (*see* DN 10 ¶ 6) as an extension of this deadline will be dependent on whether Smith satisfies the "good cause" standard as to the expert disclosure deadline.

The Court will now address the expert disclosure deadlines that expired before Smith filed his motion.[4] When a movant seeks to extend or modify a deadline in the scheduling order that has already passed, the Court's assessment of "good cause" focuses on "the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted); *see also*, Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003) (A court "may modify a scheduling order for good cause only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension."). Thus, a movant must show that despite his diligence the original deadline in the scheduling order could not have reasonably been met. Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016); Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Another relevant consideration when the deadline has already passed is possible prejudice to the party opposing the modification. Inge, 281 F.3d at 625 (citation omitted). But the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith, 595 F. App'x at 479. Thus, a movant who fails to show he acted diligently will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging Co. v. Century Indemnity Co., 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (citing Leary, 349 F.3d at 906, 909; Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 449 (6th Cir. 2010)).

---

[4] While the August 5, 2019 deadline for completing the discovery depositions of all expert witnesses (*see* DN 10 ¶ 6) had not expired before Smith filed his motion, an extension of this deadline will depend on whether Smith satisfies the "good cause" standard as to his expert disclosure deadline.

The Court has given a great deal of consideration to the question of whether Smith has demonstrated diligence in attempting to meet his April 26, 2019 deadline for making expert witness disclosures. Smith's counsel has provided a reasonable explanation why complying with this deadline was complicated by his not yet having reached MMI. But in the weeks leading up to the deadline Smith was still recovering from a second surgery in January 2019 to remove the hardware in his hip. This means that counsel, who indicates she was diligently following Smith's recovery, had more than adequate warning that Smith would not reach MMI in time to make expert witness disclosures before the April 26, 2019 deadline expired. Thus, it would have been an appropriate time to move for an extension of the expert witness disclosure deadlines. But counsel indicates she did not calendar the deadline due to an oversight and that is why she failed to timely move for an extension. Carelessness or attorney error is insufficient to constitute good cause under Rule 16(b), even when a party was not informed of his attorney's actions. *See* Banks v. City of Philadelphia, 309 F.R.D. 287, 290-91 (E.D. Penn. 2015). Notably, even under the less demanding "excusable neglect" standard in Fed. R. Civ. P. 6(b)(1)(B) an attorney's calendaring error will not ordinarily support a favorable outcome. *See* Blazer v. Chrisman Mill Farms, LLC, 5:17-CV-430-DCR-REW, 2018 WL 1089274, at *2-3 (E.D. Ky. Feb. 28, 2018) (summary of cases).

Smith's counsel may have acted diligently to address her calendaring omission once discovered (DN 28-2 PageID # 167-69, July 3, 2019 Email). But her assiduousness should not be conflated with diligence in attempting to meet the expert witness disclosure deadline that expired 89 days earlier. Therefore, the Court will deny Smith's motion as to the expert disclosure deadlines and the deadline for completing the discovery depositions of expert witnesses (*see* DN 10 ¶ 6).

**IT IS HEREBY ORDERED** that Plaintiff Larry Wayne Smith's motion to amend the discovery and expert deadlines (DN 28) is **DENIED** in part and **GRANTED** in part.

**IT IS FURTHER ORDERED** that the expert disclosure deadlines and the deadline for completing the discovery depositions of expert witnesses will not be amended.

**IT IS FURTHER ORDERED** that deadlines for completing all pretrial fact discovery, conducting the telephonic status conference, and filing dispositive and <u>Daubert</u> motions will be amended as follows:

(1) **No later than November 25, 2019**, the parties shall complete all pretrial fact discovery. All written discovery requests shall be submitted to the opposing parties so that the due date is in advance of the discovery deadline. **ALL MOTIONS PERTAINING TO DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF ALL DISCOVERY.**

(2) A telephonic status conference shall be conducted on December 3, 2019, at 9:30 a.m., CDT. The Court will initiate the call. If the parties agree to amendment of the deadlines established by this or any subsequent scheduling order, they may tender an agreed order. Agreed orders may not extend deadlines "in general" or "until further orders of the court," and must contain specific deadlines dates.

(3) **No later than January 10, 2020**, counsel for the parties shall file all dispositive motions. This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (Daubert motions).

August 26, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:     Counsel